FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 28 2005

at 9 o'clock and 57 min. AM
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00479 SOM |
| Plaintiff, | ) | |
| | ) | AMENDED ORDER DENYING MOTION |
| vs. | ) | TO DISMISS INDICTMENT |
| KIRK HAAKE, | ) | |
| Defendant. | ) | |

AMENDED ORDER DENYING MOTION TO DISMISS INDICTMENT

I.   INTRODUCTION.

Defendant Kirk Haake seeks dismissal of the indictment, which accuses him of violating 18 U.S.C. § 922(g). Haake argues that the statute, as applied to the facts of his case, is an unconstitutional exercise of the authority Congress has under the Commerce Clause. The court disagrees and denies Haake's motion.[1]

II.   BACKGROUND.

Section 922(g) of Title 18 of the United States Code states, "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for

---

[1] Pursuant to Local Rule 7.2(d) and the parties' agreement, the court decided this motion without a hearing, and filed the original order on January 26, 2005. The order crossed Haake's Reply Brief, which the court did not expect because Haake had indicated to court personnel after the Opposition was filed that the court should rule without a hearing. The court appears to have misinterpreted that statement and should have waited for the Reply, which the court read on January 27, 2005. Taking into consideration the arguments presented in the Reply, the court now files this amended order.

a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition." The indictment alleges that Haake, a convicted felon, violated this statute on November 2, 2004, by possessing a Beretta .32 caliber revolver and .32 caliber ammunition. The firearm and ammunition were recovered in the State of Hawaii and were manufactured out of state.

III.    STANDARD OF REVIEW.

Rule 12(b) allows the consideration at the pretrial stage of any defense "which is capable of determination without the trial of the general issue." "A pretrial motion is generally 'capable of determination' before trial if it involves questions of law rather than fact." United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986). On a pretrial motion to dismiss, the court must presume the truth of the allegations in the indictment. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996). The court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, but may not invade the province of the ultimate finder of fact. Shortt, 785 F.2d at 1452.

> Under this standard, the district court must decide the issue raised in the pretrial motion before trial if it is entirely segregable from the evidence to be presented at trial. If the pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred. Finally, if an issue raised in a pretrial motion is not entirely

>       segregable from the evidence to be presented
>       at trial, but also does not require review of
>       a substantial portion of that evidence, the
>       district court has discretion to defer
>       decision on the motion.

Id. (internal citations and quotations omitted).

IV.     ANALYSIS.

Section 922(g) is constitutional as applied to Haake. Relying on United States v. Morrison, 583 U.S. 598 (2000), Haake argues that his mere possession of the firearm and ammunition was not an economic activity and did not have a sufficiently substantial effect on interstate commerce to justify federal jurisdiction. Haake's arguments, however, have already been rejected by the Ninth Circuit in several similar challenges to 18 U.S.C. § 922. See United States v. Rousseau, 257 F.3d (9th Cir. 2001). In those cases, the Ninth Circuit has repeatedly stated that the "minimal nexus" test of Scarborough v. United States, 431 U.S. 563 (1977), is the appropriate test for determining the constitutionality of 18 U.S.C. § 922(g). Because the allegations of the indictment meet this test, Haake's challenge fails.

In Rousseau, a defendant brought an as-applied challenge to § 922(g), claiming that the Government had not shown that his possession of a firearm had any individualized, substantial effect on commerce. The Ninth Circuit affirmed the conviction, finding that the Constitution required only "the minimal nexus that the firearm have been, at some time, in

3

interstate commerce." <u>Id.</u> at 933 (quoting <u>Scarborough</u>, 431 U.S. at 575). Further, the Ninth Circuit has held that any past connection to interstate commerce satisfies the "minimal nexus" test. <u>See</u> <u>United States v. Hanna</u>, 55 F.3d 1456, 1462 (9th Cir. 1995) (theft of gun in a different state was sufficient to establish a past connection between the gun and interstate commerce).

In this case, the firearm and ammunition were recovered in the State of Hawaii and manufactured in a different state. The firearm and ammunition therefore moved across state lines and in the stream of interstate commerce. This minimal nexus is all that is required under <u>Scarborough</u> to establish jurisdiction under the Commerce Clause. <u>See</u> <u>Rousseau</u>, 257 F.3d at 933.

Haake argues that the Ninth Circuit, in <u>Hanna</u>, did not adequately address the constitutional question posed by <u>United States v. Lopez</u>, 514 U.S. 549, 558 (1995). Accordingly, Haake contends that <u>Rousseau</u>'s reliance on <u>Hanna</u> is misplaced. This court, however, is bound by <u>Rousseau</u> until a contrary decision from either the Ninth Circuit Court of Appeals or the United States Supreme Court intervenes. <u>See</u> <u>Miller v. Gammie</u>, 335 F.3d 889, 900 (9th Cir. 2002) (a district court is allowed to consider Ninth Circuit precedent to be "overruled" when it becomes irreconcilable with an intervening U.S. Supreme Court decision closely on point).

4

Like the defendant in Rousseau, Haake claims that § 922(g) is unconstitutional as applied to the facts of his case. He argues that his possession of the firearm and ammunition did not substantially affect interstate commerce, as required by Lopez. Haake also points to two cases in which the Ninth Circuit has found criminal statutes unconstitutional as applied to individuals whose noneconomic conduct did not have a sufficient effect on commerce: United States v. Stewart, 348 F.3d 1132 (9th Cir. 2003) (possession of homemade machine guns), and United States v. McCoy, 323 F.3d 1114 (9th Cir. 2003) (possession of self-produced photograph depicting child pornography). Both those cases, however, are easily distinguished from the present case because of the differing jurisdictional bases for regulation of the items in question.

Under Lopez, there are three "broad categories of activity that Congress may regulate under its commerce power." 514 U.S. at 558. These categories are: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3) those activities having a substantial relation to interstate commerce. See id. The Morrison test, which requires that noneconomic activity have a "substantial effect" on commerce before Congress may exercise its Commerce Clause power, applies

only to the third category.  See Morrison, 529 U.S. at 610-11.
Both Stewart and McCoy involved only the third Lopez category.

In Stewart, the court noted that, while some machine gun parts had moved in interstate commerce, "these components did not add up to a gun.  Not even close."  348 F.3d at 1136. Because the court lacked any basis for jurisdiction under the first and second Lopez categories, the only remaining basis for federal jurisdiction was the purported effect of the gun's possession on interstate commerce.  Applying the Morrison test for noneconomic activity, the Ninth Circuit found that the interstate movement of gun parts, as opposed to an actual gun, provided too attenuated a basis for Commerce Clause jurisdiction. Haake, by contrast, had a gun and ammunition.

In McCoy, the defendant posed with her ten-year-old daughter for an allegedly pornographic photograph.  The Ninth Circuit, however, held that the statute prohibiting "possession of child pornography made with materials that have traveled in interstate commerce" was unconstitutional as applied to the defendant's "simple intrastate possession of a visual depiction . . . that has not been mailed, shipped, or transported interstate and is not intended for interstate distribution."  323 F.3d at 1115.  Finding that the use of cameras and film that had moved in interstate commerce was insufficient to "guarantee that the final product regulated substantially affects interstate commerce," the

6

court concluded that the situation fell under the third Lopez category. Id. Applying the Morrison test, the court found that the effect on commerce of possession of the photograph was not substantial. Again, Haake's conduct stands in contrast to the conduct in McCoy. Here, the regulated item--the gun and ammunition--moved in interstate commerce, not just the materials used to make the regulated item.

Haake further cites United States v. Corp, 236 F.3d 325 (6th Cir. 2001), and United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004), for the proposition that even intrastate possession of child pornography does not substantially affect interstate commerce. Haake says that these cases establish that, even when a regulated item moves across state lines, that movement does not suffice to justify jurisdiction. Those cases, however, fall within the third Lopez category for jurisdictional purposes. The present case is not so confined.

In United States v. Jones, 231 F.3d 508, 514 (9th Cir. 2000), the Ninth Circuit specifically noted that 18 U.S.C. § 922(g) "can rationally be seen as regulating the interstate transportation of firearms and ammunition and so constitutes a valid exercise of Congress' power to regulate activity in the second of these three [Lopez] categories." The court further distinguished § 922 from Morrison, noting that, whereas "Section 922(g)(8) regulates the possession of firearms that travel in

interstate commerce and have an effect on interstate commerce[,] . . . the statute at issue in Morrison regulates gender-motivated violence, a non-commercial activity." Id. at 515.

In this case, Haake neither contends that he manufactured the firearm or ammunition from mere parts, nor argues that the objects that have moved through interstate commerce are anything other than the firearm and ammunition he is charged with possessing. Under Jones, therefore, the second Lopez category provides the jurisdictional basis for regulation of the firearm and ammunition in this case. Morrison, which applies only to the third Lopez category, is inapplicable here.

Finally, Haake compares § 922(g) to the Gun-Free School Zones Act of 1980, the statute at issue in Lopez. In that case, the Court struck down a statute regulating possession of a firearm in a school zone, reasoning that the mere possession of a firearm was insufficient to substantially affect commerce. 514 U.S. at 561. Haake argues that § 922(g), which regulates possession of a firearm by a felon, must similarly fail.

The Court in Lopez, however, noted that the Gun-Free School Zones Act did not contain an express jurisdictional requirement that would tailor application of the act to situations affecting commerce. Id. at 561-62. The Court compared that statute to former 18 U.S.C. § 1202, § 922(g)'s predecessor statute, which limited federal jurisdiction to

firearm possession "in commerce or affecting commerce." Id. Finding no such jurisdictional limitation in the Gun-Free School Zones Act, the Court concluded that the statute was unconstitutional.

Section 922(g) contains the jurisdictional element that the statute in Lopez lacked, as the statute extends only to situations in which an individual's possession of a firearm is "in or affecting commerce." 18 U.S.C. § 922(g). Further, as noted earlier, this jurisdictional element is met by a "minimal nexus" to interstate commerce, as articulated by the Ninth Circuit in Scarborough.

V.      CONCLUSION.

Because the Scarborough "minimal nexus" test applies to 18 U.S.C. § 922(g), the court rejects Haake's contention that the statute is unconstitutional as applied to the facts of his case. The motion to dismiss the indictment is denied.

IT IS SO ORDERED

DATED: Honolulu, Hawaii, January 28, 2005.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**United States v. Kirk Haake; Criminal No. 04-00479 SOM; AMENDED ORDER DENYING MOTION TO DISMISS INDICTMENT.**